**CONCERNED TENANTS ASSOCIATION OF INDIAN TRAILS APARTMENTS, Althea Edmundson, Hermelia Jackson, Rhuetta Morgan, Gwendolyn Woods, Sonia Nails, Rebecca Henderson, Jacquiline Grant, Janice Roberts, Rodney and Phyllis McCarrol, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**INDIAN TRAILS APARTMENTS, an Illinois Limited partnership, Western Enterprises, Inc., an Illinois Corporation, Midland Management Company, Kenneth Ringbloom, David Juliano and all unknown beneficial owners, Defendants.**

No. 79 C 989.

United States District Court,
N. D. Illinois, E. D.

July 22, 1980.

Jeffrey L. Taren, Eric P. Gershenson, William P. Wilen, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Manuel J. Robbins, David Juliano, Robbins, Coe, Rubenstein & Shafran, Gail Ginsberg, Asst. U. S. Atty., Chicago, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This cause comes before the court on defendants' motion to dismiss the first amended complaint. For the reasons set forth below, that motion is granted in part and denied in part. Plaintiffs' motion to certify the class is granted, as is their motion to communicate with class members.

## I.  FACTUAL BACKGROUND

Plaintiffs' first amended complaint sets forth six causes of action against defendants for discrimination on the basis of race in the terms and conditions of plaintiffs' tenancies and in the provision to plaintiffs of services and facilities. Briefly stated, the complaint alleges that when the population of Indian Trails Apartments was predominantly white, quality services were provided to white tenants by the defendants. When the population of the project became predominantly black, the services previously provided the white tenants disappeared and the apartment project began to physically deteriorate.

Plaintiffs allege that these actions of the defendants violated: (a) Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. (Count 1); (b) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. (Count 2); (c) Civil Rights Act of 1866, 42 U.S.C. § 1982 (Count 3); (d) the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution (Count 4); (e) Article I, Section 17 of the Illinois Constitution (Count 5); (f) contracts between HUD and the defendants (Count 6).

## II.  GENERAL PLEADING OBJECTIONS

The defendants argue that the first amended complaint should be dismissed for failure to plead injury to the plaintiffs. Three categories of plaintiffs are identified in the complaint: (1) the tenants' association; (2) individually named tenants; (3) un-named members of a purported class.

### A.

■ It is argued that the Concerned Tenants Association of Indian Trails Apartments was never a tenant at Indian Trails, and thus could not have been damaged. However, the Association is comprised only

of tenants who suffered the injuries of which plaintiffs complain. The Association itself necessarily suffers injury when its members are injured. The defendants' contention that the Association could not have been a victim of discrimination because it was not in existence prior to 1975 is simply without merit.[1] The violations alleged in the complaint are continuing ones,[2] and the Association was in existence when the actions complained of occurred.

### B.

The defendants next contend that the allegations concerning the individually named plaintiffs have failed to satisfy the requirements of Rule 12(b)(6). In considering the sufficiency of a complaint to withstand a Rule 12(b)(6) motion to dismiss, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must accept as true all material facts well pleaded in the complaint, and must view the alleged facts and make all reasonable inferences in the light most favorable to the plaintiff. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir. 1976). *See also, Mescall v. Burrus*, 603 F.2d 1266 (7th Cir. 1979). The complaint is sufficiently specific to withstand defendants' motion.

### C.

■ Defendants find fault in the fact that the complaint does not restate the relief requested after each cause of action. There is no question that relief in the alternative or of several different types may be demanded. F.R.Civ.Pro. Rule 8(a)(3). Also, a pleader need only make one demand for relief regardless of the number of claims he asserts. Wright & Miller, Federal Practice and Procedure: Civil § 1255. The plaintiffs have properly pled the remedies they seek.

### III. EXTENT OF TITLE VIII

■ The defendant contends that a claim for relief under Title VIII of The Civil Rights Act of 1968 has not been stated. The defendants' basic argument is that Title VIII does not prohibit the type of racial discrimination of which plaintiffs complain. Section 804 of Title VIII, 42 U.S.C. § 3604, makes it unlawful:

(b) to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, *or in the provision of services or facilities in connection therewith*, because of race, color, religion, sex, or national origin. (Emphasis added).

The defendants argue that the emphasized phrase in § 3604(b) only relates to activities that bear upon the availability of housing, and that there are no allegations that the defendants did anything to cause, promote, condone or prolong segregation. They feel that for § 3604(b) to have applicability, the complaint must allege that the defendants conduct was "intended to keep the blacks *out* and the whites in."

Such a tortured interpretation of the application of § 3604(b) is ludicrous and runs counter to the *plain and unequivocal* language of the statute. Quite clearly, the plaintiffs have alleged that they are not getting the kinds of services and facilities that were available to tenants when the project was predominantly white, and that this differential treatment existed because they are black. Extensive arguments are presented by both sides as to this issue. This court can but note that there need be no argument when the statutory language is so clear. "The starting point in every case involving construction of a statute is the language itself." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375,

---

1. The amended complaint alleges that the racial composition of Indian Trails changed from approximately 94% white in 1971 to approximately 90% black in 1975. The complaint differentiates between treatment given to tenants when the project was "predominantly white"

and "predominantly black." Thus, the defendant apparently feels that 1975 is the date used by the plaintiffs to divide the two classes.

2. For this court's discussion of the "continuing violation" theory, see p. 1 *infra*.

1383, 47 L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975); *FTC v. Bunte Bros., Inc.,* 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881 (1941). The plaintiffs have stated a claim under Title VIII of the Civil Rights Act of 1968, specifically under 42 U.S.C. § 3604(b).[3]

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendants contend that the plaintiffs have failed to exhaust administrative remedies because they have not followed enforcement procedures set forth in 42 U.S.C. § 3610. Exhaustion of administrative remedies is not a necessary prerequisite to bringing a lawsuit under 42 U.S.C. § 3612. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99 S.Ct. 1601, 1610, 60 L.Ed.2d 66 (1979). No further discussion need be had on this subject.

## V. CONTINUING VIOLATION

Under § 3612(a), a civil suit may be brought in this court within 180 days after the alleged discriminatory housing practice occurred. Defendants argue that since the plaintiffs pled activities that reach back to 1975, and this lawsuit was not filed until 1979, that it must clearly be outside of the 180 day limit. Plaintiffs counter by noting that the amended complaint sets forth a continuing violation for purposes of the 180 day limitation. They feel that the discriminatory actions took place until April, 1979, when a consent decree was entered. The complaint was filed in March, 1979. If the continuing violation theory is a viable one here, then the complaint was filed in a timely manner.

While most cases dealing with a continuing violation theory for extending a statute of limitations have involved employment discrimination under Title VII, the concept was discussed in relation to Title VIII in *Meyers v. Pennypack Woods Home Owner-*

ship Assn., 559 F.2d 894, 899 (3rd Cir. 1977). Although under the facts of that case no continuing violation was found, the court implied that under certain circumstances such a violation could be found. The Title VII cases where continuing violations have been found involved alleged patterns and practices of discrimination continuing to affect all members of the plaintiff class whereas the *Meyers* case concerned a discreet act of alleged discrimination against the individual plaintiff. In this case, the alleged actions of the defendants amounted to a pattern of failing to provide the same kind of services at the project as were afforded white tenants in the early 1970's. These actions allegedly occurred from sometime in the mid-1970's up to the time the consent decree was entered. This appears then to be a classic example of a complaint alleging a continuing violation of 42 U.S.C. § 3604(b), and thus the action was filed within 180 days of the alleged discriminatory housing practice.

The defendants also argue that 42 U.S.C. § 3610(d) bars this lawsuit. As noted earlier, utilization of the procedures in § 3610 are not a prerequisite to filing a suit under § 3612. Defendants' argument is meritless.

## VI. PRIVATE CLAIM FOR MONETARY DAMAGES—TITLE VI

The defendants argue that Title VI does not permit a private claim for monetary damages. Section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The defendants note that there is a conflict among the circuits as to whether Title VI permits a private cause of action. This

**3.** The parties have agreed that Title VIII implementing regulations, 12 CFR §§ 528.1 et seq.

has no applicability to this case.

conflict was laid to rest in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), where the Court clearly held that a private right of action *does* exist to redress violations of Title VI. The court does agree, however, that no private right of action exists under Title VI for *monetary damages*. There is simply no case law to support such a proposition, and Congress has not provided for such damages. However, all forms of equitable relief are available to a private plaintiff suing under Title VI. *Guardians Ass'n. Etc. v. Civil Serv. Com'n. of City of New York*, 466 F.Supp. 1273, 1285 (S.D.N.Y. 1979).

■ As in their arguments regarding Title VIII, the defendants contend that the plaintiffs have not exhausted their administrative remedies under Title VI. While administrative procedures short of filing a civil suit are certainly available under Title VI, the *Cannon* Court held that such remedies need not be exhausted:

> For these same reasons, we are not persuaded that individual suits are inappropriate in advance of exhaustion of administrative remedies. Because the individual complainants cannot assure themselves that the administrative process will reach a decision on their complaints within a reasonable time, it makes little sense to require exhaustion.

99 S.Ct. 1946, 1963 n.41.

## VII. COLOR OF LAW—COUNT II

■ Defendants contend that Count II of the first amended complaint must be dismissed because there is no allegation that the defendants acted under "color of law." No such allegation is necessary. The statute relates to "any program or activity receiving Federal financial assistance." The statute makes it unlawful to discriminate on the basis of race in any such program. Paragraphs 11–14 of the first amended complaint detail the extensive "federal financial assistance" received by the defendants. The plaintiffs' have properly pled a violation of 42 U.S.C. § 2000d.

## VIII. SECTION 1982 CLAIM

■ Defendants argue that Count 3 of the amended complaint, which alleges a cause of action under 42 U.S.C. § 1982, fails to state a claim upon which relief can be granted. 42 U.S.C. § 1982 reads:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

The defendants feel that Section 1982 applies only to the "traditional" forms of discrimination in housing—racially motivated refusal to sell or rent property. They argue that Section 1982 has never been held to apply to differing conditions of rental housing to which whites and blacks have equal access.

Section 1982 has been given broad construction by the Supreme Court:

> [T]hat § 1982 bars *all* racial discrimination, private as well as public, in the sale or rental of property, and that the statute, thus construed, is a valid exercise of the power of Congress to enforce the Thirteenth Amendment. (Emphasis in original).

*Jones v. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968).

The Seventh Circuit has interpreted *Jones* as viewing Section 1982 as a broad based instrument to be utilized in eliminating all discrimination and the effects thereof in the ownership of property. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 330 (7th Cir. 1974). In so doing, they specifically rejected limiting Section 1982 to "traditional" forms of discrimination. The complaint alleges actions (or more properly, inactions) by the defendants "that exploited a situation created by socioeconomic forces tainted by racial discrimination." *Id.* In fact, in this case, "there is no difference in results between the traditional type of discrimination and defendants' exploitation of a discriminatory situation." *Id.* The plaintiffs have clearly set out a claim under 42 U.S.C. § 1982.

■ Defendants argue that 42 U.S.C. § 1982 provides no remedy in monetary damages. In *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), the Court held that an action under Section 1982 encompassed the remedy of damages. Punitive damages may also be awarded in Section 1982 actions. *Lee v. Southern Home Sites Corp.*, 429 F.2d 290, 294 (5th Cir. 1970). *See also, Wright v. Kaine Realty*, 352 F.Supp. 222, 223 (N.D.Ill.1972).

## IX.  COLOR OF LAW—COUNT IV

■ The defendants raise the same "color of law" arguments to Count IV, wherein violations of the Equal Protection Clause, Fifth and Fourteenth Amendments are alleged. This court finds no merit in defendants' arguments, and would refer the parties to the court's discussion of the same "color of law" argument raised as to the 42 U.S.C. § 2000d claim, *supra*.

## X.  DISCRIMINATION UNDER ILLINOIS CONSTITUTION

■ The defendants argue that plaintiffs fail to state a claim under Article I, § 17 of the Illinois Constitution (1970). They make essentially the same arguments previously made regarding the application of 42 U.S.C. § 3604.

Article I, § 17 reads:

All persons shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in the hiring and promotion practices of any employer or in the sale of rental of property.

There has been little case law interpreting this section of the Illinois Constitution. However, the transcripts of the proceedings of the Illinois Constitutional Convention suggest that a broad scope should be given the words to cover all aspects of discrimination in housing. Given this broad scope, § 17 must surely be considered to proscribe the conduct alleged in the complaint.

## XI.  REGULATORY AND MANAGEMENT AGREEMENT

■ Finally, the defendants allege that the plaintiffs have failed to state a cause of action under the Regulatory Agreement and Management Agreement. The complaint charges that the plaintiffs were damaged when the defendants violated these agreements. The agreements, made between the defendants and HUD, obligate the defendants to conform their activities to numerous federal, state, and local statutes and regulations. The defendants argue that they are not informed of which statute or regulation they violated, and thus the claim should be dismissed for lack of specificity. They also claim that no jurisdiction exists for this court to hear a claim that "sounds in simple contract."

This court can properly exercise jurisdiction over Count VI under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiffs are proper third party beneficiaries of the contract between HUD and the defendants, and thus have standing to sue for injuries resulting from alleged violations of the contract. Upon reading Count VI, the court feels that it is sufficiently specific to inform the defendants of what provisions of the agreement have allegedly been violated. Quite clearly, the five previous counts of the amended complaint set forth the laws which the defendants allegedly violated. The contract violations in this count arise derivatively from the previous counts.

Accordingly, defendants' motion to dismiss is denied, except that only equitable relief shall be available for any violations of Title VI.

## XII.  MOTION FOR CLASS CERTIFICATION

■ This cause also comes before the court on plaintiffs' motion for class certification. Plaintiffs have brought this action on behalf of themselves, and, pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of all persons similarly situated.

The proposed plaintiff class consists of the approximately 360 tenants of Indian Trails Apartments and their families.

Rule 23 contains the essential prerequisites for maintaining a class action. Here, plaintiff proposes a class under the provisions of 23(b)(3).

Rule 23(a) provides that one or more members of a class may sue or be sued on behalf of the class if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

In the instant action, these prerequisites are easily met. Plaintiffs seek to represent a class which consists of more than 360 tenants and their families. This is clearly a class so numerous that joinder would be impracticable.

All issues presented in the amended complaint are common to each member of the proposed classes—namely, whether the defendant management practices changed to the detriment of the tenants when the racial composition of the apartments changed from predominantly white to predominantly black. The second prerequisite of Rule 23 is, therefore, satisfied. Likewise, the third prerequisite, that the claims of the representative parties be typical of the claims of the members of the class, is satisfied, as the claims of the representatives are identical to the claims of every member of the proposed class. Additionally, the fourth requirement is met in that the named plaintiffs are the tenants and the tenant organization. Also, their counsel are experienced in litigation of this nature.

The prerequisites of Rule 23(a) having been met, the requirements contained in Rule 23(b)(3) must also be satisfied.

Rule 23(b)(3) provides, in relevant part:

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Quite clearly, overriding questions of fact and law common to the members of the class predominate over any questions affecting only individual members. Also, the class action here is superior to other available methods for the fair and efficient adjudication of the controversy, in that it is unlikely any individual tenant would ever seek the relief sought here.

The requirements of Rule 23(a) and Rule 23(b)(3) having been satisfied, plaintiffs' motion for class certification is hereby granted. The plaintiffs shall submit to this court a proposed form of notice that satisfies the requirements of Rule 23(c)(2).

Plaintiffs' motion to communicate with potential members of the plaintiff class is granted. Defense counsel shall be given the opportunity to attend the meeting that is being contemplated. However, after the mailed notices have all been returned, no such opportunity shall be afforded defense counsel.