Miriam **GELMAN**, Plaintiff,

v.

**DEPARTMENT OF EDUCATION**, Terrel H. Bell, Secretary of Education, and Arthur Hardwick, Defendants.

Civ. A. No. 81–Z–1993.

United States District Court, D. Colorado.

Aug. 3, 1982.

Richard D. Greengard, Greengard, Blackman & Senter, Denver, Colo., for plaintiff.

John R. Barksdale, Asst. U. S. Atty., Denver, Colo., for defendants; James Roby, Dept. of Educ., Washington, D. C., of counsel.

## ORDER

WEINSHIENK, District Judge.

Plaintiff, Miriam Gelman, brings this action pursuant to 28 U.S.C. § 1331 against defendants Department of Education, Terrel H. Bell, Secretary of Education, and Arthur Hardwick, regional administrator of the Office of Student Financial Assistance of the Department of Education (OSFA). Alleging that she was hired in December, 1978, as a collection agent for OSFA, and that the duties of OSFA collection agents were changed about two months thereafter, plaintiff asserts that the increased manual tasks exacerbated her degenerative disease, rheumatoid arthritis. Plaintiff claims that her employer rejected her many requests for reasonable accommodations, accommodations required under § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794. She brings this action for breach of express or implied contract, discrimination on the basis of handicap, outrageous conduct and negligent supervision.

This matter is before the Court on plaintiff's Motion for Leave to File an Amended Complaint and Defendants' Motion to Dismiss. The Court has considered the parties' motions, briefs, and pleadings as well as the relevant statutory case law, and is prepared to rule.

■ Pursuant to the policy of liberal amendment in Fed.R.Civ.P. 15(a), the Court will grant plaintiff's Motion for Leave to File an Amended Complaint, and the Clerk shall file-stamp the tendered copy. In the Amended Complaint, Terrel H. Bell is dropped as a defendant, and Joseph Califano, former Secretary of Health, Education and Welfare (HEW), is added.

Since most of the same claims have been asserted in the Amended Complaint as were alleged in the original Complaint, the Court will consider Defendants' Motion to Dismiss as it applies to the Amended Complaint and rule accordingly. The Motion has four parts, which are discussed below.

(1) Motion to Dismiss Plaintiff's First, Second, and Fourth Claims for Relief

■ Plaintiff's First and Second Claims for Relief are based on an express or implied contract between plaintiff and her employer, OSFA. In considering a motion to dismiss, all of the allegations in the complaint must be assumed to be true. *Garbutt v. Blanding*, 141 F.2d 679 (10th Cir. 1944). A complaint should not be dismissed unless plaintiff can prove no facts in support of a claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Plaintiff's contract allegation must be assumed to be true; the allegation is sufficient to raise facts which, if proved, would support plaintiff's claim. Defendants' denial of a contract raises a factual question which cannot be resolved by a motion to dismiss. Therefore, the Court will deny that portion of the Motion directed to plaintiff's first and second claims.

■ Plaintiff's Fourth Claim for Relief, as amended, is for outrageous conduct against defendant Hardwick, the regional administrator of OSFA, and his supervisor, defendant Califano, then Secretary of HEW. In *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970), the Supreme Court of Colorado recognized the tort of outrageous conduct as defined in the Restatement (Second) of Torts, § 46 (1965). The Court noted that comment d to § 46 provides the parameters of the tort:

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"

476 P.2d at 756. Under this standard, the Court finds as a matter of law that the allegations in the Amended Complaint do not state a claim for outrageous conduct. Thus, the Court will grant the portion of the Motion directed at plaintiff's fourth claim.

(2) Motion to Dismiss Plaintiff's Request for Compensatory and Punitive Damages

■ Part (2) of Defendants' Motion to Dismiss applies to plaintiff's Third Claim in her Amended Complaint which alleges discrimination prohibited by § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Although the Supreme Court in *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), has placed a heavy burden of proof on the § 794 claimant, this Court concludes that there is a right to compensatory damages under 29 U.S.C. § 794.

The remedies, procedures and rights of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., are available to a § 794 claimant. *See* 29 U.S.C. § 794a(a)(2). There is a split in authority as to whether compensatory damages are available under Title VI. Compare *Gilliam v. City of Omaha*, 388 F.Supp. 842 (D.Neb.1975), aff'd (without discussion of damages) 524 F.2d 1013 (8th Cir. 1975), and *Flanagan v. President and Directors of Georgetown College*, 417 F.Supp. 377 (D.D.C.1976), allowing damage suits, with *Concerned Tenants Association v. Indian Trails Apartment*, 496 F.Supp. 522 (N.D.Ill.1980), and *Rendon v. Utah State Department of Employment Security*, 454 F.Supp. 534 (D.Utah 1978), rejecting damages under Title VI.

As to § 794, the plaintiff has cited three cases in which other federal district courts have allowed proof of monetary damages. *Hutchings v. Erie City and County Library*, 516 F.Supp. 1265 (W.D.Pa.1981); *Patton v. Dumpson*, 498 F.Supp. 933 (S.D.N.Y.1980); *Poole v. South Plainfield Bd. of Education*,

490 F.Supp. 948 (N.J.1980). Although the *Hutchings* plaintiff had an alternative basis for a damage action under 42 U.S.C. § 1983, that court, in a well-reasoned opinion, discussed remedies under 29 U.S.C. § 794:

> The rationale behind this policy permitting the plaintiffs in civil rights action to sue for both legal and equitable relief is quite simple. The Constitution and the federal civil rights statutes have established certain federally protected rights. When one of these rights is violated, federal courts have an obligation to insure that that violation is completely redressed. To fulfill this obligation federal courts may rely upon the full panoply of remedies available to them, including in proper cases the awarding of damages.

*Hutchings*, supra at 1268–69 (citations omitted). Although he found the proof insufficient, the Honorable John L. Kane, Jr., of this District considered damages under § 794 in *Pushkin v. Regents of the University of Colorado*, 504 F.Supp. 1292, 1299 (D.Colo.1981), aff'd (without discussion of the damage issue), 658 F.2d 1372 (10th Cir. 1981). Thus, this Court concludes that compensatory damages may be available to a § 794 claimant, if proved.

However, this Court is not aware of any cases which have allowed punitive damages to § 794 claimants. The Court concludes that punitive damages may not be claimed under § 794.

(3) Motion to Dismiss Plaintiff's Demand for a Jury Trial

Because there are legal remedies for each of plaintiff's claims in the Amended Complaint, plaintiff is entitled to a jury. *See Lorrillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Accordingly, part (3) of Defendants' Motion to Dismiss will be denied.

(4) Motion to Dismiss Any Individual Claims Against Defendants Terrel H. Bell and Arthur Hardwick

In view of the fact that defendant Bell was dropped from the Amended Complaint, part (4) of the Motion is moot as to him.

As to Arthur Hardwick, the only individual claim against him would appear to be the outrageous conduct claim which shall be dismissed herein. Therefore, part (4) of the Motion shall be granted. Therefore, it is

ORDERED that plaintiff's Motion for Leave to File an Amended Complaint is granted and the Clerk shall file-stamp the tendered copy. It is

FURTHER ORDERED that Defendants' Motion to Dismiss is granted in part and denied in part as follows:

(1) denied as to plaintiff's first and second claims for relief; granted as to plaintiff's fourth claim for relief;

(2) denied as to plaintiff's claim for compensatory damages under 29 U.S.C. § 794; granted as to plaintiff's claim for punitive damages under 29 U.S.C. § 794;

(3) denied as to plaintiff's jury demand; and

(4) granted as to individual claims against Bell and Hardwick.