**Anthony VENTURA, Plaintiff,**

v.

**FEDERAL LIFE INSURANCE COMPANY, Defendant.**

**No. 79 C 3302.**

United States District Court, N.D. Illinois, E.D.

May 23, 1983.

Gerald D. Wahl, Donnelly & Associates, P.C., Detroit, Mich., Elizabeth Hubbard, Ltd., Chicago, Ill., for plaintiff.

J. Robert Geiman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

In this age discrimination case, defendant has moved for an order *in limine* which would prevent plaintiff from introducing any evidence relating to loss of future pension benefits that assumes or is based upon employment after the date damages are settled. In the alternative, defendant asks that such evidence be received only by the court, rather than the jury.

DISCUSSION

This motion presents a very narrow question: whether, in an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, a plaintiff may seek, as an alternative to reinstatement, an award of pension benefits which assumes that plaintiff would continue working past the date of the trial and up until the plaintiff's normal retirement age. In our case, plaintiff has already worked enough years to be vested in defendant's retirement plan. Therefore, plaintiff will be receiving some pension from defendant regardless of the outcome of this lawsuit. The only question here is, if plaintiff prevails on the merits of his case, to what degree may plaintiff seek to have that pension increased? Defendant seeks to limit such an increase to the amount of pension benefits which would have accrued from the date of plaintiff's allegedly discriminatory dismissal to the date on which damages are settled in this case. Plaintiff argues that he should be able to seek pension rights based on projected earnings for future years up until the time of his normal retirement age.

This question presents us with competing policy choices. On the one hand, it is speculative to presume that any plaintiff would continue his employment with a defendant through the time of his normal retirement. At any time after trial, a plaintiff could voluntarily leave the defendant's employ, or, the defendant could dismiss the plaintiff for some lawful reason. For this reason, damages are generally awarded only through the time of trial rather than for some time period extending beyond trial.

On the other hand, where for some reason reinstating a plaintiff to his old job is not an appropriate equitable remedy,[1] the plaintiff might never have the opportunity to work to normal retirement age—a result which could severely reduce the amount of pension benefits to which the plaintiff would otherwise have been entitled upon retirement. This consequence would occur through no fault of the plaintiff but because of defendant's illegal actions. For example, in our case plaintiff argues that it is highly unlikely that at age 56 he will find a new position with a pension comparable to that which he would have enjoyed had he not been dismissed from his job with defendant. His current job does not include a pension. Therefore, he argues, allowing recovery for pension benefits which assumes the plaintiff would have continued working

---

1. Reinstatement can be inappropriate where, for example, the plaintiff was a manager with policy responsibilities and could not be merged backed into the defendant's work force without creating animosity.

for defendant until retirement is the only way he can be made whole for the alleged discrimination.

The question of calculating pension benefits based on presumed years of employment after the date of trial is one aspect of the general issue of "front pay" or "front benefits" under the ADEA. The first expansive discussion of front pay occurred in *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979). There the court held that where reinstatement is inappropriate, the trial court may treat the plaintiff as a vested employee for purposes of awarding pension damages, whether or not the employee would have been vested as of the date of trial. The technique of "deemed vesting" is a form of front pay whereby the court, in order to make the plaintiff whole, exercises its equitable powers to extend the reach of the plaintiff's award beyond the date of trial. The *Loeb* court reasoned that "an employer need not be allowed to stand on [vesting] requirements that plaintiff cannot meet because of the employer's own wrongful acts." *Id.* at 1021.

The "front pay" question appears to be a matter of first impression in this Circuit, and courts in other circuits have reached different conclusions. Most recently, Judge Weinfeld in *Koyen v. Consolidated Edison Company of New York, Inc.,* 560 F.Supp. 1161 (S.D.N.Y.1983), exhaustively discussed the pros and cons of this issue, at 1167–68, and annotated the previous case law, at 1167 n. 33. We adopt Judge Weinfeld's explanation of the issue and add only that we have come across a recent case not mentioned in *Koyen, Gibson v. Mohawk Rubber Company,* 695 F.2d 1093 (8th Cir.1982), which, like *Koyen,* holds that awarding pro-

spective benefits as an alternative to reinstatement can be proper under ADEA.

We are also persuaded by the *Koyen* court's reasoning. There is no question that if a plaintiff cannot, in a new job, acquire rights to pension benefits equivalent to what he would have had in the job from which he was wrongfully dismissed, he cannot be made whole for the discrimination unless he is given prospective benefits. To hold that such benefits are never available would run counter to the remedial purposes of the ADEA, *see Sexton v. Beatrice Foods Co.,* 630 F.2d 478, 486 (7th Cir.1980), and would ignore the authority given district courts to award equitable relief beyond the specific wage or salary losses attributable to a wrongful employment action, 29 U.S.C. § 626(b). Prospective benefits are not awarded for punitive purposes or for pain and suffering, *cf. Pfeiffer v. Essex Wire Corporation,* 682 F.2d 684 (7th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982), but rather to assure that a plaintiff who prevails on the merits is returned, as nearly as possible, to the economic situation he would have enjoyed absent the unlawful discrimination.[2]

This is not a case where the plaintiff is still at a young age and where an award of prospective benefits would be entirely speculative. Plaintiff is now 56 years old, and according to an exhibit which plaintiff submitted with his brief on this motion, plaintiff's prospective benefits will be calculated only up until his 62nd birthday. This exhibit purports to calculate precisely what those benefits would be based on the actuarial assumptions of a professionally-trained actuarial and employee benefit consultant. Further, plaintiff had worked for defendant for 20 years before his dismissal, and, ac-

---

**2.** It is important to stress that plaintiff here seeks reinstatement to his old job, and that any award of prospective benefits would be as an alternative to reinstatement. Where the plaintiff does not even seek reinstatement, he or she would appear to have no claim to future benefits. In such a case, "the parties stand in the same position as if the court had reinstated plaintiff and he instantaneously quit the job for a reason having nothing to do with discrimination .... If the plaintiff does not wish injunc-

tive relief, he waives any unliquidated future rights he might have against his former employer." *Monroe v. Penn-Dixie Cement Corporation,* 335 F.Supp. 231, 235 (N.D.Ga.1971). Accordingly, nonreinstatement cases in which courts held that prospective benefits are not available are not applicable here. *See Monroe v. Penn-Dixie Cement Corporation, supra; Wehr v. Burroughs,* 619 F.2d 276, 283 (3d Cir. 1980); and *Kolb v. Goldring, Inc.,* 694 F.2d 869, 874 n. 4 (1st Cir.1982).

cording to plaintiff's complaint, he had an oral contract with defendant's president pursuant to which plaintiff would be employed until retirement. Under these circumstances, we cannot hold before trial that as a matter of law, this plaintiff cannot seek pension benefits based on presumed future years of employment. The district court may presume, absent evidence to the contrary, that an illegally discharged employee would have continued working for the employer until he or she reached normal retirement age. *Gibson v. Mohawk Rubber Company,* 695 F.2d 1093, 1101 n. 8 (8th Cir.1982). Accordingly, we deny defendant's motion to exclude such evidence entirely.

Defendant also seeks, in the alternative, to reserve to the court, rather than the jury, the reception of any evidence relating to pension benefits which presumes employ-

ment after the date damages are settled. We agree that plaintiff is not entitled to a jury trial on this issue.

As we have stated, the power to award prospective benefits is within the district court's equitable remedial powers under ADEA. *Gibson v. Mohawk Rubber Company,* 695 F.2d 1093 (8th Cir.1982); *Blackwell v. Sun Electric Company,* 696 F.2d 1176 at 1185, n. 15 (6th Cir.1983); *Criswell v. Western Airlines, Inc.,* 514 F.Supp. 384 (C.D.Cal. 1981). Congress has specifically drawn the line between equitable issues and legal issues in providing a right to a jury determination.[3]

We therefore will require that questions of front pay or benefits be tried directly to the court after the jury has determined liability and legal damages. *See Gibson v. Mohawk Rubber Company,* 695 F.2d 1093, 1100–01 (8th Cir.1982); *Criswell v. Western*

---

**3.** Section 626 of the ADEA provides, in relevant part:

(c)(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

(2) In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as as [sic] a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.

29 U.S.C. § 626.

The conference report explaining this provision stated:

JURY TRIAL

Senate amendment

The Senate amendment provides that in any civil action brought by a person alleging discrimination on account of age there shall be a right to a jury trial if the action involves monetary damages, whether or not equitable relief is sought by any party in the same action.

House bill

The House bill contains no comparable provision.

Conference agreement

The House recedes with an amendment which provides for a jury trial on any issue of fact in an action for recovery of amounts owing as a result of a violation of the ADEA.

Under section 7(b), which incorporates the remedial scheme of sections 11(b), 16 and 17 of the FLSA, "amounts owing" contemplates two elements: First, it includes items of pecuniary or economic loss such as wages, fringe, and other job-related benefits. Second, it includes liquidated damages (calculated as an amount equal to the pecuniary loss) which compensate the aggrieved party for nonpecuniary losses arising out of a willful violation of the ADEA.

The Supreme Court recently ruled that a plaintiff is entitled to a jury trial in ADEA actions for lost wages, but it did not decide whether there is a right to a jury trial on a claim for liquidated damages. *Lorillard v. Pons,* [434 U.S. 575], 98 S.Ct. 866 [55 L.Ed.2d 40] (1978). Because liquidated damages are in the nature of legal relief, it is manifest that a party is entitled to have the factual issues underlying such a claim decided by a jury. The ADEA as amended by this act does not provide remedies of a punitive nature. The conferees therefore agree to permit a jury trial on the factual issues underlying a claim for liquidated damages because the Supreme Court has made clear that an award of liquidated damages under the FLSA is not a penalty but rather is available in order to provide full compensatory relief for losses that are "too obscure and difficult of proof for estimate other than by liquidated damages" *Overnight Transportation Company v. Missel,* 316 U.S. 572, 583–84 [62 S.Ct. 1216, 1223, 86 L.Ed. 1682] (1942). House Conf.Rep. No. 95–950, 95th Cong., 2d Sess. 13–14, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 528, 535.

*Airlines, Inc.,* 514 F.Supp. 384 (C.D.Cal. 1981).

CONCLUSION

For the foregoing reasons, we deny defendant's motion to exclude entirely any evidence relating to pension benefits which presumes employment for years after the date of trial, but we grant the motion to reserve such evidence to the court after the jury has decided questions of liability and legal damages.