Julio **CORTES**, Plaintiff,

v.

**BOARD OF GOVERNORS**, et al., Defendants.

No. 89 C 3449.

United States District Court,
N.D. Illinois, E.D.

June 5, 1991.

MEMORANDUM OPINION

GRADY, District Judge.

This case, arising under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794

("§ 504"), is before the court on defendant's motion to strike portions of plaintiff's first amended complaint ("the complaint").

FACTS

The facts of the case were stated at length in the memorandum opinion denying defendant's motion for summary judgment. *Cortes v. Bd. of Governors, et al.*, No. 89 C 3449, 1990 WL 186425 (Mem.Op. November 14, 1990). The facts necessary for the determination of this motion are as follows.

In his complaint, plaintiff sought compensatory and punitive damages, back pay, front pay, liquidated damages, attorneys fees and costs, promotion and other equitable relief. Defendants then moved to strike portions of the complaint. Defendants' motion to strike was stayed while their motion for summary judgment was under consideration. Following this court's opinion denying defendants' summary judgment motion, leave was granted to the parties to file supplemental memoranda on defendants' motion to strike, addressing the issue of what remedies are available under § 504. Defendants argue that plaintiff's prayers for compensatory, punitive and liquidated damages, back pay, front pay and interest, and plaintiff's jury demand, should be stricken.

DISCUSSION

■ The Rehabilitation Act does not specify whether a plaintiff can sue for damages under § 504. The statute states, "[t]he remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title." 29 U.S.C. § 794a(a)(2). The Supreme Court has held that § 504 authorizes a plaintiff who alleges intentional discrimination to bring an action for back pay, but in the same opinion, it specifically refrained from determining the extent to which money damages are available. *See Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 630, 104 S.Ct. 1248, 1252, 79 L.Ed.2d 568 (1984).

Because the remedy provision of § 504 refers to Title VI, the first step is to look at what remedies are available under Title VI. Title VI authorizes relief "consistent with the objectives of the statute ...," 42 U.S.C. § 2000d–1. In *Guardians Assoc. v. Civil Serv. Comm'n, New York City*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983) (plurality opinion), the Supreme Court held that a plaintiff must allege intentional discrimination to get monetary relief under Title VI, but failed to define what monetary relief would be available. *Guardians*, 463 U.S. at 595, 103 S.Ct. at 3228–29. The Court, in a plurality opinion, noted that "make whole" remedies are not ordinarily appropriate in private actions seeking relief under statutes passed pursuant to the Spending Clause. *Guardians*, 463 U.S. at 596, 103 S.Ct. at 3229. However, the plurality of the Court stated that "[i]n cases where intentional discrimination has been shown, ... it may be that the victim of the intentional discrimination should be entitled to a compensatory award...." *Guardians*, 463 U.S. at 597, 103 S.Ct. at 3230. The Court declined to so hold because the plaintiffs in *Guardians* charged the defendants with disparate impact, rather than intentional, discrimination. *Id.*

The lower courts that have addressed the issue of the remedies available under Title VI are divided. *Compare Gilliam v. City of Omaha*, 388 F.Supp. 842 (D.Neb.1975), *aff'd* (without mention of remedies), 524 F.2d 1013 (8th Cir.1975); *Flanagan v. President and Directors of Georgetown College*, 417 F.Supp. 377 (D.D.C.1976) (allowing suits for damages under Title VI) *with Davis v. Spanish Coalition for Jobs*, 676 F.Supp. 171, 173 (N.D.Ill.1988) (citing *Concerned Tenants Assoc. v. Indian Trails Apartments*, 496 F.Supp. 522, 527 (N.D.Ill.1980)) (Title VI authorizes only equitable remedies); *Franklin v. Gwinnett County Public Schools*, 911 F.2d 617, 619–622 (11th Cir.1990) (plaintiff could not sue for compensatory damages under Title VI).

Although the courts are divided on the issue of whether compensatory damages are available under § 504, the majority of courts that have ruled on the issue have

held in favor of the damages remedy.[1] Illustrative of the reasoning behind that view is *Miener v. State of Missouri*, 673 F.2d 969 (8th Cir.), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982). In *Miener*, the court started from the general rule enunciated by the Supreme Court in *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946), that "where legal rights are invaded and a statute provides a right to sue for such invasion, federal courts may use any available remedy to make good the wrong." *Miener*, 673 F.2d at 977. The court then found that the administrative remedies provided for in the Rehabilitation Act would be inadequate to remedy plaintiff's injury. *Miener*, 673 F.2d at 978. Finally, the court pointed out that the House/Senate Conference Committee eliminated a provision which would have prohibited money damages when Congress amended the Rehabilitation Act in 1978, indicating that the Committee did not intend to prohibit money damages as a remedy. *Miener*, 673 F.2d at 978 (citing H.R.Rep. 95–1780, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Cong. & Admin. News 7312, 7375, 7379).

Some district courts have held that money damages are not available under § 504.[2] These courts rely principally on the similarities between § 504 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g), and point out that only equitable remedies are available under Title VII. *See, e.g., Byers*, 635 F.Supp. at 1391. However, Title VII, unlike § 504, specifically defines what relief is available under the statute, and refers only to equitable relief.[3] Thus, the remedy portions of Title VII are not analogous to § 504.

The weight of authority supports the view that plaintiff is entitled to seek compensatory damages under § 504.[4]

This court has already found that plaintiff has stated a claim for intentional discrimination,[5] so that he may bring a claim

---

1. *See, e.g., Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir.1990) (compensatory damages are available as a remedy under § 504); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1107 (9th Cir.1987) (same); *Ciampa v. Massachusetts Rehabilitation Comm'n*, 718 F.2d 1, 5 (1st Cir.1983) (a private right of action for damages may be implied from the language of § 504); *Nelson v. Thornburgh*, 567 F.Supp. 369 (E.D.Pa.1983), *aff'd without opinion*, 732 F.2d 147 (3d Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 955, 83 L.Ed.2d 962 (1985) (compensatory damages are available as a remedy under § 504); *Gelman v. Dept. of Educ.*, 544 F.Supp. 651, 653–54 (D.Colo.1982) (same); *Hutchings v. Erie City and County Library Bd. of Directors*, 516 F.Supp. 1265, 1268–69 (W.D.Pa. 1981) (same), *Patton v. Dumpson*, 498 F.Supp. 933, 939 (S.D.N.Y.1980) (same). *See also Smith v. Robinson*, 468 U.S. 992, 1020 n. 24, 104 S.Ct. 3457, 3472 n. 24, 82 L.Ed.2d 746 (1984) (without expressing an opinion on the matter, the Court noted that courts generally agree that damages are available under § 504). The parties have not cited, and we have not found, any circuit court cases holding that money damages are not available under § 504.

2. *See, e.g., Byers v. Rockford Mass Transit Dist.*, 635 F.Supp. 1387, 1391 (N.D.Ill.1986); *Shuttleworth v. Broward County*, 649 F.Supp. 35, 38 (S.D.Fla.1986); *Du Vall v. Postmaster Gen.*, 585 F.Supp. 1374, 1377 (D.D.C.1984), *aff'd without opinion*, 774 F.2d 510 (D.C.Cir.1985); *Marshburn v. Postmaster Gen.*, 678 F.Supp. 1182 (D.Md.1988), *aff'd without opinion*, 861 F.2d 265 (4th Cir.1988).

3. Title VII states that "the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... *or any other equitable relief* as the court deems appropriate." 42 U.S.C. § 2000e–5(g) (emphasis added).

4. That result also promotes judicial economy in this case. A holding that plaintiff may not recover compensatory damages would require a retrial if it were determined on appeal that compensatory damages are available.

5. In his complaint, plaintiff claimed that defendants did not promote him "because of his handicapped condition," and that the actions of defendants were "willful, intentional and/or in reckless disregard for plaintiff's statutory rights." In the memorandum opinion of November 14, 1990, this court found that plaintiff had stated a claim for discrimination under § 504, and that the facts were sufficient to deny defendant's summary judgment on that claim. *Cortes v. Bd. of Governors, et al.*, No. 89 C 3449, 1990 WL 186425 (Mem.Op. November 14, 1990). This court found that "there is more than a modicum of evidence in support of defendants' allegedly illegal motive." *Id.* at 22. Contrary to defendants' assertion, therefore, plaintiff has clearly stated a claim for intentional discrimination.

for back pay and front pay. *See Darrone,* 465 U.S. at 630, 104 S.Ct. at 1252; *Ventura v. Federal Life Ins. Co.,* 571 F.Supp. 48 (N.D.Ill.1983) (front pay, like back pay, is a matter of equitable relief).

■ Plaintiff also seeks to recover punitive damages and liquidated damages, which are punitive in nature. *See Trans World Airlines v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523 (1984) (Congress intended liquidated damages provision in Age Discrimination in Employment Act to be punitive in nature). In determining whether punitive damages are available under § 504, it is well to keep in mind the Supreme Court's admonition that courts must "be responsive to two powerful but countervailing considerations—the need to give effect to the statutory objectives and the desire to keep § 504 within manageable bounds." *Alexander v. Choate,* 469 U.S. 287, 299, 105 S.Ct. 712, 719, 83 L.Ed.2d 661 (1985). Although Congress was silent on the availability of compensatory damages under § 504, such damages are arguably necessary to accomplish the statutory objectives. Punitive damages, on the other hand, are not necessary to "make good the wrong," *Bell v. Hood,* 327 U.S. at 684, 66 S.Ct. at 777, when plaintiff is already being allowed to seek front pay, back pay, compensatory damages and even reinstatement. There is insufficient reason to imply a punitive damage remedy when Congress has given no indication whatsoever that it intended to authorize such relief. Therefore, this court concludes that punitive damages are not available under § 504. *See Gelman v. Dept. of Educ.,* 544 F.Supp. at 653–54 (compensatory damages, but not punitive damages, are available as a remedy under § 504).

■ Having found that compensatory damages are available under § 504, the next question for the court is whether plaintiff has a right to a jury trial under the statute. In *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), the Supreme Court established a framework for determining whether a plaintiff has a Seventh Amendment right to a jury trial under a Congressional statute. A court must evaluate the nature of the action and desired remedy to determine whether the cause of action resembles a traditional claim at common law or equity. *Tull,* 481 U.S. at 417–18, 107 S.Ct. at 1835–36. If the remedy sought is legal in nature, plaintiff is entitled to a jury trial. *Id.* "If a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Tull,* 481 U.S. at 425, 107 S.Ct. at 1839 (quoting *Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974)). Because plaintiff is seeking the legal relief of compensatory damages as well as equitable relief, he is entitled to a jury trial. *See Smith v. Barton,* 914 F.2d at 1338.

CONCLUSION

Defendants' motion to strike plaintiff's demand for punitive and liquidated damages is granted. Defendants' motion to strike plaintiff's demand for compensatory damages, back pay, front pay and interest[6], and to strike plaintiff's jury demand, is denied.[7]

---

**6.** Plaintiff is entitled to prejudgment interest on any back pay or front pay that he may recover. *See West Virginia v. United States,* 479 U.S. 305, 310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639 (1987) ("prejudgment interest is an element of complete compensation"); *Williamson v. Handy Button Mach. Co.,* 817 F.2d 1290, 1297 (7th Cir. 1987) (prejudgment interest is an ordinary part of any award for back pay under § 1981); *Gillespie v. First Interstate Bank of Wis. S.E.,* 717

F.Supp. 649 (E.D.Wisc.1989) (allowing recovery of prejudgment interest for back pay under Title VII).

**7.** Defendants also moved to strike plaintiff's references in his complaint to the United States Constitution and the Civil Rights Restoration Act. Because the determination of this motion would have no bearing on the outcome of the case, we decline to address it.