Thomas CIAMPA, Plaintiff, Appellant,

v.

MASSACHUSETTS REHABILITATION
COMMISSION, et al., Defendants,
Appellees.

No. 83–1128.

United States Court of Appeals,
First Circuit.

Submitted June 10, 1983.

Decided Sept. 28, 1983.

Thomas Ciampa on brief, pro se.

Francis X. Bellotti, Atty. Gen., and Thomas A. Barnico, Asst. Atty. Gen., Government Bureau, Boston, Mass., on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, and COFFIN and BOWNES, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiff Thomas Ciampa appeals the dismissal of his claims for injunctive, declaratory, and monetary relief against the Massachusetts Rehabilitation Commission ("MRC" or "Commission") and its present commissioner, Elmer C. Bartels. Ciampa alleged that defendants violated his rights under the due process clause of the Fourteenth Amendment and under the nondiscrimination provision of section 504 of the Rehabilitation Act of 1973 (RHA), 29 U.S.C. § 794.[1]

The district court found that plaintiff, an emotionally and educationally handicapped thirty-four year old man, had been deprived of appropriate educational services in his youth, misdiagnosed, and subsequently abandoned by his family to an institution for many years. Defendant MRC has certified plaintiff as eligible for its services since 1971 and has provided him with a variety of services. Plaintiff has participated in several pre-vocational education programs that have focused mainly on basic reading skills. In this suit, plaintiff challenges the substantive and procedural adequacy of MRC's provision of rehabilitative services during the past ten years.

The district court found:

"The record shows that plaintiff received reading services from sometime in 1971 to October 1973. A dispute then arose between the parties over the appropriateness of these services. As a result of both administrative and judicial attention, Mr. Ciampa continued to receive services. In December of 1979, the Commission pledged at least six months of reading services to Mr. Ciampa. In July of 1980, after testing had occurred, plaintiff joined a new program for reading classes. In October of that same year plaintiff withdrew voluntarily from that program, claiming that the classroom environment and location were unacceptable. [He complained that provider Massachusetts General Hospital housed the reading class in a room that was too cold and which contained caged laboratory animals.] He subsequently rejected several alternative programs, including individual tutoring, which were offered by the Commission as substitutes." Dist.Ct. at 4–5.

The district court dismissed as moot plaintiff's claims for injunctive and declaratory relief on the basis of a stipulation before the court on October 5, 1982, in which plaintiff acknowledged that he was receiving satisfactory services from the Commission. *Id.* at 2. In finding these claims for prospective relief moot, the court rejected plaintiff's claim that he remained entitled to an order preserving the status quo. The court then dismissed the Commission as a defendant on the grounds that the Eleventh Amendment barred a monetary judgment against the Commission, an agen-

---

1. Section 504 provides, in relevant part:
   "No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

cy of the state. Finally, with defendant Bartels as the sole remaining defendant, the district court granted Bartels' motion for summary judgment against plaintiff's claims for monetary relief for violation of the due process clause and of section 504 of the Rehabilitation Act of 1973.

## I. Declaratory & Injunctive Relief

We affirm the district court's holding that plaintiff's claims for declaratory and injunctive relief are moot in light of the parties' stipulation that plaintiff was receiving adequate services. *See Patton v. Dumpson,* 498 F.Supp. 933, 936 n. 9 (S.D.N.Y.1980) (in § 504 suit brought by handicapped child, injunctive relief "no longer needed", because plaintiff was receiving suitable educational services and had left defendant's foster care). Moreover, plaintiff-appellant waived his appeal on this issue by failing to brief the issue for this court. *Pignons S.A. de Mecanique v. Polaroid Corp.,* 701 F.2d 1, 3 (1st Cir.1983).

## II. The Eleventh Amendment

With only claims for damages remaining, the district court dismissed the MRC, a state agency, *see* Mass.Ann.Laws ch. 6, §§ 74–84H (Michie/Law. Coop. 1980 & 1983 Supp.), as a defendant. The Eleventh Amendment of the United States Constitution bars suits in federal court brought by private parties seeking retroactive monetary damages that would be paid from the state treasury. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

Congress may, by legislating to enforce constitutional provisions, abrogate the states' Eleventh Amendment immunity from suits for damages. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976); *Parden v. Terminal Railway,* 377 U.S. 184, 192, 84 S.Ct. 1207, 1212, 12 L.Ed.2d 233 (1964). To override the states' immunity, however, Con-

gress must evidence an unequivocal intent to do so. The Court has generally required such congressional intent to be either explicit in the statute or plainly evident from the legislative history. *See Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979). In *Employees v. Department of Public Health & Welfare,* 411 U.S. 279, 285, 93 S.Ct. 1614, 1618, 36 L.Ed.2d 251 (1973), the Supreme Court held that unless Congress indicated "in some way by clear language that the constitutional immunity was swept away", the Court would not infer that Congress "desired silently to deprive the States" of immunity. In *Edelman v. Jordan,* 415 U.S. at 673, 94 S.Ct. at 1361, the Court held that it "[would] find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [would] leave no room for any other reasonable construction.' *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 [29 S.Ct. 458, 464, 53 L.Ed. 742] (1909)."

The current section 504 and relevant legislative histories, *see* 1978 U.S.Code Cong. & Ad.News 7312; 1973 U.S.Code Cong. & Ad.News 2076, 2143, indicate that Congress did not consider the issue of Eleventh Amendment immunity in enacting or amending section 504. Indeed, Congress never got as far as explicitly providing a private cause of action under section 504.[2] Congress cannot by omission override an important constitutional immunity. We conclude that in enacting section 504, Congress did not abrogate the states' Eleventh Amendment immunity. *See Parks v. Pavkovic,* 536 F.Supp. 296, 311 n. 27 (N.D.Ill.1982); *Patton v. Dumpson,* 498 F.Supp. 933, 935–36 n. 3 (S.D.N.Y.1980); *Stubbs v. Kline,* 463 F.Supp. 110, 115–16 (W.D.Pa. 1978). The mere acceptance by the Commission of federal funds for rehabilitative services does not, without more, abrogate the Commission's otherwise valid Eleventh Amendment immunity. The Supreme Court has rejected the argument that a

---

**2.** As explained below, *infra* pp. 4–5, courts have uniformly implied a cause of action under section 504, but have split on whether

that cause of action can be brought for damages.

state agency may waive its immunity by participating in a federal assistance program. *Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (per curiam); *Edelman v. Jordan*, 415 U.S. at 673, 94 S.Ct. at 1360.

### III. Summary Judgment for Defendant Bartels

With only Bartels remaining as a defendant, the district court granted summary judgment against plaintiff's claims that the Commission denied him due process of law in violation of the Fourteenth Amendment and that the Commission violated section 504. The district court found that plaintiff failed to establish the existence of a genuine and material fact on these issues. Dist.Ct. at 2–3; *see Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985, 990 (1st Cir.1983) (quoting *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975)). An appellate court must read "the record on summary judgment in the light most favorable to [plaintiff], the party opposing the motion." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *see Rogen v. Ilikon Corp.*, 361 F.2d 260, 266 & n. 6 (1st Cir. 1966).

#### A. Due Process

█ The district court rejected plaintiff's due process claim for two reasons. First, plaintiff could show no inadequacy in the procedures established by the MRC for administrative review of the reduction, suspension, or termination of his services. Second, "[t]he facts as to due process are undisputed and reveal that plaintiff had at least two extensive administrative hearings over the ten-year period at issue". Dist.Ct. at 3.

Plaintiff did not allege that the procedures established by the MRC for review of diminution of his services were inadequate. *Cf. Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981). Mere failure by defendants to provide plaintiff with those services to which he alleged he was entitled under applicable state or federal statutes does not without more give rise to a due process violation. *See Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). Moreover, Massachusetts provided and plaintiff utilized procedures designed to provide appropriate relief of the alleged deprivations. In what the record indicates to be plaintiff's most recent use of the state's review procedures, plaintiff challenged the suspension of a reading tutorial program. Plaintiff and his attorney attended an "Administrative Review" proceeding on May 1, 1981, *cf.* Mass.Admin. Code tit. 107, §§ 1.12–1.32 (rules for Administrative Review), and a "Fair Hearing" on June 25, 1981, *cf.* Mass.Admin.Code tit. 107, §§ 1.33–1.45 (rules for Fair Hearing). That plaintiff did not receive all the relief he sought in those hearings does not imply that the Commission violated his due process rights. The district court properly granted summary judgment for defendant Bartels on plaintiff's due process claim.

#### B. Section 504

█ The district court rejected plaintiff's section 504 claim, citing *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), in holding that section 504 did not require defendant to take affirmative action in providing services to "an emotionally disturbed client who is extremely difficult to serve, who often withdraws on his own whim from services provided, or rejects these services outright." Dist.Ct. at 4. The district court further found "that the Commission is not required under Section 504 to provide services to a client who himself completely subverts the service process . . . . [T]his record reveals that the Commission made repeated efforts to match Mr. Ciampa, not only with compatible programs, but also with compatible Commission counselors and personnel to assist him with his claims. I find that the efforts made by the Commission satisfy the statute." *Id.* at 5–6.

We assume, without deciding, that a private right of action may be brought to enforce the provisions of section 504. Every court that has decided the question has held that a private right of action exists under the statute. *See, e.g., Miener v. State of Missouri,* 673 F.2d 969, 973–74 (8th Cir.) (citing numerous cases), *cert. denied,* —— U.S. ——, 103 S.Ct. 215, 230, 74 L.Ed.2d 171 (1982); *Pushkin v. Regents of University of Colorado,* 658 F.2d 1372, 1377 (10th Cir.1981); *cf. Smith v. Cumberland School Committee,* 703 F.2d 4, 9 (1st Cir. 1983) ("private action under section 504 is in doubt"); *Massachusetts Coalition of Citizens With Disabilities v. Civil Defense Agency,* 649 F.2d 71, 75 n. 6 (1st Cir.1981) (expressing no view whether private right of action exists under section 504). We further assume, although without unanimous support from decided cases, that a private right of action for *damages* may be implied under section 504. *Compare Miener v. State of Missouri,* 673 F.2d at 978 (damages awardable under § 504) *with Ruth Anne M v. Alvin Independent School District,* 532 F.Supp. 460, 470–73 (S.D.Tex. 1982) (damages unavailable under § 504).[3]

The district court held that § 504 did not require the Commission to undertake affirmative actions in providing services to a client who has resisted such services. Dist.Ct. at 4–5. In *Davis,* a nursing program rejected plaintiff because an audiologist reported that plaintiff's deafness would preclude her from participating in the clinical portion of the training program and from performing effectively as a nurse in a variety of situations. Plaintiff argued in part that the school should have restructured the program so that her handicap would not bar her participation. The Supreme Court responded that § 504 did not require such substantial program modifications. The court held that the statute mandated "evenhanded treatment of qualified handicapped persons" in programs receiving federal funds, but did not require those programs to undertake "affirmative efforts" to overcome the disabilities of handicapped persons. 442 U.S. at 410, 99 S.Ct. at 2369.[4] *See Colin & Alan K. v. Schmidt,* 715 F.2d 1 at 8–9 (1st Cir.1983).

Given the "limited mandate imposed upon federal fund recipients under section 504", *Massachusetts Coalition of Citizens v. Civil Defense Agency,* 649 F.2d at 76, and plaintiff's apparent recalcitrance toward various services offered by defendants, we cannot say that the district court misread the law in granting defendants' motion for summary judgment on plaintiff's § 504 claim. The MRC offered plaintiff several alternative reading programs and provided him with extensive administrative review of MRC decisions with which he was dissatisfied. The record before us does not indicate that the MRC provided plaintiff with substandard services, either because of his handicap or for any other reason. *See Colin K. v. Schmidt,* 536 F.Supp. 1375, 1388 (D.R.I.1982) (funding residential placement for learning disabled children constituted "affirmative conduct" not required by RHA), *aff'd sub nom. Colin & Alan K. v. Schmidt,* 715 F.2d 1 at 9 (1st Cir.1983).

**3.** This court's recent decision in *Colin & Alan K. v. Schmidt,* 715 F.2d 1 at 9–10 (1st Cir.1983), does not hold otherwise. Plaintiffs, learning disabled children, sued under both the Education of All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 *et seq.,* and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Since damages were unavailable under the more specific remedial scheme of the EAHCA, this court found that Congress intended to limit plaintiffs suing under both statutes to prospective relief. This court did not permit plaintiffs to avoid the EAHCA's limitations by recourse to the more general terms of § 504 of the RHA, because in the context presented, "the substantive rights imposed by the RHA derive[d] wholly from the substantive requirements of the EAHCA." Slip op. at 19. The *Schmidt* holding is inapposite where, as here, the EAHCA does not apply, and plaintiff seeks enforcement of his substantive rights granted solely under § 504.

**4.** The Court did note, however, that "refusal to modify an existing program might become unreasonable and discriminatory" and therefore violate § 504 if such modifications would not "impos[e] undue financial and administrative burdens upon a State." 442 U.S. at 412–13, 99 S.Ct. at 2370.

We hold that the district court acted correctly in dismissing plaintiff's declaratory and injunctive claims as moot, in dismissing the Massachusetts Rehabilitation Commission as a defendant on Eleventh Amendment grounds, and in awarding summary judgment against plaintiff's claims under the due process clause of the Fourteenth Amendment and under section 504 of the Rehabilitation Act.

*The order of the District Court is affirmed. The parties shall bear their own costs on appeal.*