**Timothy W. KILROY, Plaintiff,**

**v.**

**HUSSON COLLEGE, Defendant.**

**Civil No. 96–92–B.**

United States District Court,
D. Maine.

March 25, 1997.

Stephen E.F. Langsdorf, Preti, Flaherty, Beliveau & Pachios, Augusta, ME, Carrie A. Green, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for Plaintiff.

Bernard J. Kubetz, Eaton, Peabody, Bradford & Veague, Bangor, ME, for Defendant.

## ORDER AND MEMORANDUM
## OF DECISION

BRODY, District Judge.

Plaintiff, Timothy W. Kilroy, brings this action against Defendant, Husson College ("Husson"), for allegedly failing to accommodate Kilroy's physical disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796i (Count I), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 (Count II), and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. §§ 4551–4632 (Count III). Kilroy also alleges that Husson College is liable for intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), unlawful retaliation in violation of the Rehabilitation Act of 1973, the ADA, and the MHRA (Count VI), and damages pursuant to 42 U.S.C. § 1983 (Count VII). Kilroy seeks punitive damages for each of the above claims except for those, alleging a violation of the MHRA, for which punitive damages are not recoverable. Husson College filed a Motion for Summary Judgment on January 23, 1997, as to Counts IV, V, and VII, and as to all claims for punitive damages. In his Objection and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Kilroy conceded "that summary judgment is warranted for, Count VII, with respect to Plaintiff's claims under 42 U.S.C. § 1983." *Id.* at 10 n. 4. Accordingly, the Court grants summary judgment as to Count

VII. For the reasons set forth below, the Court also grants summary judgment as to Counts IV and V, but denies summary judgment as to the punitive damages claims in Counts I, II, and VI.

## I. SUMMARY JUDGMENT

Summary judgment is appropriate in the absence of a genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). In this process, the Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

## II. INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Husson argues that the Court lacks subject matter jurisdiction to hear Kilroy's common law claims for intentional and negligent infliction of emotional distress. Indeed, Kilroy cannot recover separate emotional damages for employment discrimination that is covered by the ADA, the Rehabilitation Act of 1973, or the MHRA. *See, e.g., Caldwell v. Federal Express Corp.*, 908 F.Supp. 29, 34 (D.Me.1995). On the other hand, "to the extent that [Kilroy] has alleged intentional [and negligent] infliction of emotional distress separate from discrimination," Kilroy is not precluded from recovery for these claims. *Baird v. Haith*, 724 F.Supp. 367, 375 (D.Md. 1988). Upon examination of Kilroy's Complaint and supporting papers and affidavits, the Court holds that Kilroy does not allege claims for intentional and negligent infliction of emotional distress that flow from conduct by Husson that is separate and distinct from conduct Kilroy alleges violated the ADA, the Rehabilitation Act of 1973, or the MHRA.

Instead, Kilroy's emotional distress claims rely entirely on Husson's alleged failure to reasonably accommodate Kilroy and its alleged unlawful retaliation. Since employment discrimination and retaliation are both redressable under the MHRA, the ADA, and the Rehabilitation Act of 1973, the Court grants Husson's Motion as to Counts IV and V for lack of subject matter jurisdiction.[1]

### III. PUNITIVE DAMAGES

■ Kilroy seeks punitive damages in connection with his claims that Husson violated the Rehabilitation Act of 1973 and the ADA by failing to accommodate him reasonably and by unlawfully retaliating against him. Such damages are recoverable under the ADA if a plaintiff demonstrates that her employer "engaged in discriminatory behavior with 'malice' or 'reckless indifference' to her federally protected rights." *Braverman v. Penobscot Shoe Co.*, 859 F.Supp. 596, 604 (D.Me.1994) (citing 42 U.S.C. § 12117; 42 U.S.C. § 1981a(b)(1)).[2] The Court is persuaded that Kilroy has generated sufficient facts, if viewed in a light most favorable to the plaintiff, from which a reasonable jury could conclude that Husson acted with malice or with reckless indifference to Kilroy's federally protected rights when it allegedly failed to accommodate him and allegedly unlawfully retaliated against him in violation of the ADA.[3] Consequently, the Court denies Husson'S Motion as to Kilroy's request for punitive damages in Counts II and VI.

1. Accordingly, Husson's Motion as to Kilroy's request for punitive damages resulting loom these emotional distress claims also is granted.

2. 42 U.S.C. § 1981a(b)(1) provides:

A complaining party may recover punitive damages under this section against a respondent ... if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

3. Husson contends that the burden of proof a plaintiff must meet in order to recover punitive damages for a violation of the ADA is clear and convincing evidence, whereas Kilroy argues that the appropriate burden is preponderance of the evidence. Without resolving that issue here, the

■ The Court must determine, additionally, if punitive damages are recoverable under § 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794. To date, neither the Supreme Court nor the First Circuit has addressed this issue directly. *See, e.g., Hurry v. Jones*, 734 F.2d 879, 886 (1st Cir.1984) (finding no need to decide to what extent damages are recoverable under § 504); *Ciampa v. Massachusetts Rehabilitation Comm'n*, 718 F.2d 1, 5 (1st Cir.1983) (assuming, without deciding, "that a private right of action for damages may be implied under section 504"). The Court is persuaded that a private cause of action to enforce the provisions of § 504 exists by implication and that punitive damages are recoverable under § 504. *See e.g., Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823 (4th Cir.1994); *Rodgers v. Magnet Cove Pub. Schs.*, 34 F.3d 642 (8th Cir.1994);[4] *but see, Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir.1996) (holding that punitive damages are not recoverable under § 504). The Court further finds that the standard necessary for recovering such damages is identical to that under Title VII; namely, "malice" or "reckless indifference" to a plaintiffs federally protected rights. Kilroy has presented sufficient evidence, when viewed in a light most favorable to the plaintiff, from which a reasonable factfinder could determine that Husson violated Kilroy's rights under the Rehabilitation Act of 1973 with malice or with reckless indifference to his rights when it allegedly failed to

Court holds that even if the higher burden of proof were applicable to Kilroy's claims for punitive damages, a reasonable jury could find Kilroy is entitled to such damages.

4. *See also Reich v. Cambridgeport Air Sys., Inc.*, 26 F.3d 1187 (1st Cir.1994) (holding that the broad language of *Franklin v, Gwinnett County Pub. Schs.*, 503 U.S. 60, 70–71, 112 S.Ct. 1028, 1035–36, 117 L.Ed.2d 208 (1992), in which the Court referred to the "general rule ... that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute[,]" supported the availability of exemplary damages under § 11(c) of the Occupational Safety and Health Act of 970, 29 U.S.C. § 660(c), pursuant to which courts are directed to "order all appropriate relief," even though exemplary damages are not specifically provided for in that statute).

accommodate him and allegedly unlawfully retaliated against him.[5] The Court, therefore, denies Husson's Motion as to Kilroy's request for punitive damages in Counts I and VI.

## IV. CONCLUSION

The Court grants Husson's Motion as to Counts IV, V, and VII and denies Husson's Motion as to Kilroy's request for punitive damages in Counts I, II, and VI.

*SO ORDERED.*

---

**5.** The Court need not resolve the issue of whether the burden of proof for punitive damages under the Rehabilitation Act is preponderance of the evidence or clear and convincing evidence for purposes of this motion.