Linda HARVEY, Plaintiff

v.

MACHIGONNE BENEFITS ADMINIS-
TRATORS and Crowe Rope Industries
Employee Benefits Plan, Defendants

No. 00–CV–41–B.

United States District Court,
D. Maine.

Jan. 19, 2001.

N. Laurence Willey, Jr., Marie E. Han-
sen, Ferris, Dearborn & Willey, P.A.,
Brewer, ME, for Linda Harvey, plaintiff.

David C. King, Brent A. Singer, Rud-
man & Winchell, Bangor, ME, for Machi-
gonne Benefits Administrators, defendant.

Lee H. Bals, Marcus, Grygiel & Clegg,
P.A., Portland, ME, for Crowe Rope In-
dustries Employee Benefits Plan, defen-
dant.

## ORDER REGARDING DEFENDANT MACHIGONNE'S COUNTERCLAIM

SINGAL, District Judge.

Before the Court are four motions: a
motion for summary judgment filed by
Plaintiff Linda Harvey (Docket # 24), a
motion for summary judgment filed by
Defendant Machigonne Benefits Adminis-
trators (Docket # 11), Plaintiff's motion to
sever Defendant's counterclaim, (Docket
# 49) and Plaintiff's motion for findings of
fact and conclusions of law (Docket # 50).
Based on the following reasons, the Court
DENIES Defendant's motion for summary
judgment on its counterclaim, DENIES
Plaintiff's motion to sever, DENIES Plain-
tiff's motion for findings of fact and conclu-

sions of law, and GRANTS Plaintiff's motion for summary judgment against the counterclaim.

## I. STANDARD OF REVIEW

A federal court grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the facts "in the light most amicable to the party contesting summary judgment, indulging all reasonable inferences in that party's favor." *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993). In its previous Order, the Court already has described the facts of this case. (*See* Order & Mem. of Decision at 2–6 (Docket # 48).) Following the summary judgment standard, the Court briefly outlines the background of the case below.

## II. BACKGROUND

Plaintiff, Linda Harvey, suffered severe injuries in an automobile accident caused by an uninsured motorist. Pursuant to two insurance policies held by Harvey and her fiancé, she received $32,000. Another $24,000 from one of the insurance policies remains in escrow pending the outcome of this case. Harvey seeks additional funds to cover her medical expenses from her employer's medical benefits plan, Defendant Crowe Rope Industries Employee Benefits Plan ("the Plan"). The Plan and its administrator, co-Defendant Machigonne Benefits Administrators ("Machigonne"), requested that Harvey sign a subrogation agreement, which would allow Defendants to seek reimbursement from her in the amount that she received from the insurance policies. Defendants claimed that they had a right to require such a subrogation agreement based on the Plan's operating document (the "Plan Document").

Harvey has refused to sign the subrogation agreement, and Defendants have refused to pay for any of her medical expenses. Subsequently, Harvey filed suit, asking this Court to award damages and to order the Plan to pay her medical expenses immediately without receiving a signed subrogation agreement. Harvey made claims under state law and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001—1461.

In response, both Machigonne and the Plan filed for summary judgment. Simultaneously, Machigonne filed a counterclaim against Harvey, asking the Court to enter a decree that Harvey was not entitled to receive funds from the Plan unless she signed a subrogation agreement. Harvey then filed a motion seeking summary judgment in favor of her claims and against Machigonne's counterclaim.

In an Order dated December 2, 2000, the Court granted summary judgment for Defendants on all of Harvey's claims. (*See* Order & Mem. of Decision (Docket # 48).) In determining whether it had jurisdiction to enter a declaratory judgment on Defendant Machigonne's counterclaim, the Court ordered the parties to file supplemental briefs. (*See* Order (Docket # 51).) In addition, Harvey has filed a motion to sever the counterclaim and a motion requesting the Court to make numerous findings of fact and conclusions of law. Therefore, the Court must now resolve Plaintiff's newly filed motions as well as the remaining cross motions for summary judgment relating to the counterclaim.

## III. DISCUSSION

As the Court explained in its previous Order, Plaintiff's ERISA claims fail because Defendants' actions comport with the legally valid language of the Plan Document, which conditions the receipt of medical benefits on the signing of a subrogation agreement. Plaintiff's state law claims similarly fail because they are preempted by ERISA. (*See* Order & Mem. of Decision at 6–16 (Docket # 48).)

### A. Plaintiff's Motion for Findings of Fact and Conclusions of Law

Plaintiff has moved this Court to supplement its prior Order by making certain findings of fact and conclusions of law. Plaintiff proffers seventeen suggested findings of fact and conclusions of law (most of which actually combine law and fact), all of which conflict with the prior Order. Indeed, the proposed findings of fact and conclusions of law merely reargue Plaintiff's state law claims which are inapplicable because of ERISA preemption. The Court finds no reason to incorporate any of the seventeen proposed findings of fact and conclusions of law.

### B. Plaintiff's Motion to Sever

Plaintiff has moved this Court to sever Defendant's counterclaim for no other reason than "to allow Plaintiff to move forward with the decision denying her motion for summary judgment." (Pl. Mot. to Sever (Docket # 49).) Because the Court herein disposes of Defendant's counterclaim, severing the counterclaim is unnecessary.

### C. Whether the Court Has Jurisdiction over the Counterclaim

Defendant Machigonne argues that it is entitled to a declaratory judgment proclaiming (1) that Plaintiff must sign a subrogation agreement prior to receiving benefits from the Plan, (2) that the Plan has a right to recover her insurance proceeds, and (3) that neither the Plan nor Machigonne are subject to regulation as an insurer under Maine's insurance statutes. Defendant counterclaims under the Declaratory Judgment Act, 28 U.S.C. § 2201.

██ The Declaratory Judgment Act creates a method of judicial remedy, but it does not expand a federal court's subject matter jurisdiction. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Thus, a plaintiff (or counterclaimant) must have an independent source of jurisdiction to seek a declaratory judgment. In the present case, Defendant Machigonne maintains that this Court has jurisdiction to entertain the counterclaim based on section 1132(a)(3)(B) of ERISA, which states in pertinent part:

A civil action may be brought—

.    .    .    .    .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. § 1132(a). Also, a participant or a beneficiary—but not a fiduciary—may file suit to recover benefits due to her under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B).

Plaintiff argues that Defendant Machigonne cannot bring suit under ERISA because it has not established that it is a participant, a beneficiary or a fiduciary. ERISA defines a fiduciary as, among other things, a person who "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(iii). Defendant has averred by affidavit that it provides "third-party administrative services for self-funded employee benefit plans" including the Plan. (*See* Astrid I. Mahany Aff. ¶ 4 (Docket # 15).) In her Complaint, Plaintiff stated that Defendant Machigonne "administers" the Plan. (*See* Compl. ¶ 2 (Docket # 1).) Moreover, the Court implicitly decided in the prior Order that Defendant Machigonne acts as administrator of the Plan. Even when reading all reasonable inferences in Plaintiff's favor, as required when considering Defendant's motion for summary judgment on its counterclaim, the Court concludes that Defendant Machigonne is the Plan's administrator, and therefore, an ERISA fiduciary.

Defendant argues that it may file suit under section 1132(a)(3)(B) as an ERISA

fiduciary seeking equitable relief. Defendant correctly points out that the United States Supreme Court and the First Circuit Court of Appeals have noted that declaratory judgment falls within the phrase "other appropriate equitable relief." *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 n. 31, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Drinkwater v. Metro. Life Ins. Co.*, 846 F.2d 821, 824 (1st Cir.1988).

Defendant, however, fails to explain how its counterclaim can be viewed as enforcing, or redressing a violation of, either ERISA or the terms of the Plan Document. Neither *Franchise Tax Board* nor *Drinkwater* address this particular issue, which was raised by *Gulf Life Insurance Company v. Arnold*, 809 F.2d 1520 (11th Cir.1987). *See Franchise Tax Bd.*, 463 U.S. at 26–27, 103 S.Ct. 2841 (vacating plaintiff state agency's declaratory judgment); *Drinkwater*, 846 F.2d at 826–27 (affirming dismissal of plaintiff participant's ERISA claims).

In *Gulf Life*, the Eleventh Circuit held that an ERISA plan administrator could not seek declaratory judgment from a plan participant based on section 1132(a)(3)(B). In that case, a dispute had arisen between the defendant plan participant, a resident of Tennessee, and the plaintiff plan administrator, whose principal place of business was in Florida. *See* 809 F.2d at 1522. The plan participant filed a grievance with the plan, in which he demanded to receive benefits that the plan was denying him. *See id.* Anticipating that the plan participant would file suit to recover benefits, the plan administrator took the initiative and filed suit first. *See id.* Hoping to litigate the case in its own territory, the plan administrator filed its complaint in a federal court in Florida, pursuant to ERISA's broad venue provision which permits ERISA claims to be filed "where the plan is administered ...." *See id.* at 1523 (quoting 29 U.S.C. § 1132(e)).

The ·Eleventh Circuit affirmed the dismissal of the plaintiff's case , because it found that the plan administrator did not bring the suit to enforce the plan or the subchapter of ERISA. *See id.* at 1522.

> [Plaintiff plan administrator's] declaratory judgment action simply is unnecessary to further the statute's purpose. The purpose essential to section 1132(a)(3)(B) is to enforce the terms of the plan or ERISA; all [plaintiff] need do to enforce the terms of the plan, assuming it contends the claim for benefits is invalid, is deny payment.... [Plaintiff's] action is defensive in nature; the company simply wishes to avoid making payment that [defendant] claims is due. Seeking a declaration of its liability does not "enforce" the plan.

*See id.* at 1523–24. The court based this finding in part on section 1132(a)(1)(B), which allows participants and beneficiaries to sue their ERISA plans to recover benefits, but conspicuously declines to extend a similar right to ERISA fiduciaries to sue for recovery of benefits. *See* 29 U.S.C. § 1132(a)(1)(B); *Gulf Life*, 809 F.2d at 1524. The court reasoned that because an ERISA fiduciary cannot sue to recover benefits under 1132(a)(1)(B), an ERISA fiduciary cannot state a claim for declaratory judgment under section 1132(a)(3)(B) to establish its liability with regard to denied benefits. *See id.* If a plan participant could bring such a declaratory judgment suit, the court reasoned that it "would usurp the language of section 1132(a)(1)—in which Congress limited such actions solely to participants and beneficiaries—and thereby render section 1132(a)(1) meaningless, or at least redundant." *Id.* Therefore, the Eleventh Circuit held that an ERISA fiduciary could not bring such an action under section 1132(a)(3)(B) against a plan participant. *Id.* The Sixth Circuit recently held similarly. *See NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 525–528 (6th Cir.2000) (affirming dismissal of fiduciary's declaratory judgment claim against participant).

The First Circuit has not ruled specifically on this issue. In *American Airlines*

*v. Cardoza–Rodriguez,* 133 F.3d 111 (1st Cir.1998), the First Circuit expressly avoided the matter, but tacitly disagreed with *Gulf Life. See id.* at 115 n. 1. Instead of deciding whether an ERISA fiduciary could state a claim for declaratory judgment against a participant under section 1132(a)(3)(B), the First Circuit found subject matter jurisdiction pursuant to the Supreme Court's interpretation of the Declaratory Judgment Act. *See id.* In particular, the Supreme Court ruled in *Franchise Tax Board* that

> Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.

*Franchise Tax Bd.,* 463 U.S. at 19, 103 S.Ct. 2841. In *American Airlines,* the court held that because the defendants could have filed suit against the plaintiff under ERISA and two other federal statutes, plaintiff was able to bring a declaratory judgment action based on federal question jurisdiction. *See Am. Airlines,* 133 F.3d at 115 n. 1; *see also Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1253 (9th Cir.1987); *Reynolds v. Stahr,* 758 F.Supp. 1276, 1281 (W.D.Wis.1991).

■ As Defendant Machigonne correctly points out, Plaintiff "not only could have brought her claims against [Defendants] in federal court under federal question jurisdiction, she did bring her claims in federal court under federal question jurisdiction." (Def. Suppl. Mem. at 4 (Docket # 58).) Because Plaintiff has brought claims against Defendants based on her federal statutory rights, this Court has federal question subject matter jurisdiction over Defendant Machigonne's declaratory judgment counterclaim. *See, e.g., Am. Airlines,* 133 F.3d at 115 n. 1.

## D. DISCRETION TO DENY DECLARATORY JUDGMENT

■ Even though the Court has the jurisdiction to grant Defendant's request for declaratory judgment, the Court also has the discretion to decline declaratory relief in appropriate circumstances. *See, e.g., Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494–95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The present case is just such an appropriate circumstance, because the Court already has decided the merits of this case in its prior Order, and therefore a declaratory judgment would serve no purpose. *See, e.g.,* Wright & Miller, 5 Federal Practice & Procedure: Civil 2d § 1238, at 286 (1990) ("federal courts are prohibited from considering moot or academic questions"). Indeed, the Court finds that Defendant's request for declaratory judgment is now moot. *See, e.g., Preiser v. Newkirk,* 422 U.S. 395, 402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Ciampa v. Mass. Rehab. Comm'n,* 718 F.2d 1, 3 (1st Cir.1983). Thus, the Court, pursuant to its discretion, declines Defendant Machigonne's request to enter a declaratory judgment on its behalf.

## IV. CONCLUSION

Based on the foregoing discussion, the Court hereby DENIES Defendant Machigonne's motion for summary judgment on its counterclaim, DENIES Plaintiff's motion to sever, DENIES Plaintiff's motion for findings of fact and conclusions of law, and GRANTS Plaintiff's motion for summary judgment opposing Defendant Machigonne's counterclaim.

SO ORDERED.